# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00051-CR

**Cedric Barnes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT NO. CR22,060, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Cedric Barnes entered an open plea of guilty to an indictment accusing him of possessing more than four but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2009). He also pleaded true to two previous felony convictions alleged for enhancement. The court adjudged him guilty and, after hearing testimony relevant to sentence, assessed punishment at forty years in prison. Barnes's sole contention on appeal is that his trial counsel was ineffective. We overrule this contention and affirm the conviction.

On December 30, 2007, Officer Michael Hoyt attempted to stop appellant's automobile after observing a traffic offense. Appellant failed to respond to the officer's signal, and he drove at a high rate of speed for six blocks to the house occupied by his girlfriend, Cassandra McBride. Appellant leapt from the car and ran into the house, carrying an object about the size of a football. Appellant locked the door behind him, but eventually he and another man,

Jermaine Jackson, exited the house and were arrested by Hoyt and other officers who had arrived at the scene.

The officers found a bag containing 47 grams of crack cocaine in the floorboard of appellant's car. The officers also searched the house with McBride's consent. They noticed a powerful odor in the house that they associated with phencyclidine. There is testimony that this odor was also on appellant's clothing. A plastic jar containing 174 grams of liquid phencyclidine was found in the bathroom. A smaller bottle containing two grams of phencyclidine was also found in the bathroom, as was a small bag containing one gram of cocaine. Marihuana was found in both appellant's car and in the garage.

An officer testified that a latent palm print was found on the plastic jar containing the liquid phencyclidine, and that this print did not belong to either appellant or Jackson. Appellant asserts that it is evident from the record that the existence of this unidentified latent print was not disclosed to counsel prior to trial. He urges that upon learning of this undisclosed exculpatory evidence, his attorney "should have asked the [trial court] for a recess to discuss this development and apprise [appellant] of new options made available by it, these options being a motion for a mistrial, a motion for new trial, asking that any evidence regarding the phencyclidine charge be stricken from the record, or a motion to withdraw [appellant's] plea based on the assertion that it was not knowingly entered." Appellant contends that counsel rendered ineffective assistance because he did none of these things.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these

2

errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Appellant has not met either prong of *Strickland*. First, it is not clear from the record that defense counsel was unaware of the fingerprint evidence. Counsel asked the witness if he considered the absence of appellant's prints on the bottle to be exculpatory, but this does not necessarily imply that counsel was previously unaware of it. Counsel's failure to object or otherwise make an issue of this matter may simply reflect that counsel already knew that appellant's prints were not on the jar.

Second, appellant was not on trial for possessing the phencyclidine, but for possessing the cocaine found in his car. In the absence of any evidence regarding the discussions between appellant and his trial counsel that preceded his open plea of guilty, appellant has not demonstrated that his plea would have been different had he and counsel known (if they did not) that appellant's prints were not on the bottle of phencyclidine.

Third, the record does show that the phencyclidine was irrelevant to the punishment assessed. Before assessing punishment, the court announced that it would not take the marihuana into consideration because Jackson admitted that it was his, but that it would consider appellant's

3

evading arrest.  With regard to the phencyclidine, the court said, "There's some doubt on the PCP. Whether it's reasonable or not, I don't know, but to be on the safe side, I'll not consider it."

Appellant has not overcome the presumption that his trial counsel rendered reasonably effective assistance.  The sole issue is overruled, and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   April 29, 2010

Do Not Publish

4